[Civ. No. 1969.  Second Appellate District.—March 7, 1916.]

SADIE G. FREDE, Appellant, v. JUSTICE'S COURT OF LOS ANGELES TOWNSHIP et al., Respondents.

Appeal—Dismissal—Writ of Review—Order Dismissing Petition.—
  A minute order dismissing a petition for writ of review, after the writ was granted, is not a judgment rendered upon the return of the inferior tribunal from which an appeal would lie, and the appeal should be dismissed; and under section 1075 of the Code of Civil Procedure, no hearing having been had after the return of the writ, the matter is still pending and should be heard.

MOTION to dismiss an appeal from a purported judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Wm. C. Lewis, and Charles Robert McCarty, for Appellant.

Winslow P. Hyatt, for Respondents.

SHAW, J.—This is a motion to dismiss an appeal from a purported judgment rendered in a proceeding instituted in the superior court for a writ of review directed to respondents. The ground for the motion is that no judgment was rendered from which an appeal would lie.

It appears from the judgment-roll that the writ was issued on May 12, 1915, and that pursuant thereto the respondent certified and transmitted a transcript of the record and proceedings in a certain action wherein Thomas B. Henley was plaintiff and petitioner herein was defendant; that thereafter, on May 21, 1915, a demurrer was filed to the petition, also a motion to quash the writ of review, which demurrer was overruled and the motion to quash denied. On the same date, as appeared from the minutes of the court, it was ordered that "petition for writ of review herein is denied." The appeal, as stated in the notice of motion, is "from the order of the above-entitled court denying plaintiff's petition for a writ of review, made by said court on June 21, 1915." Section 1075 of the Code of Civil Procedure, provides that "when a full return has been made, the court must hear the parties, or such of them as may attend for that purpose, and may thereupon give judgment, either affirming or annulling, or modifying the proceedings below." In our opinion, the minute order from which the appeal is prosecuted is not a judgment rendered upon the return of the inferior tribunal from which an appeal would lie. It purports merely to be a denial of the writ upon the petition filed. But this is contradicted by the fact that the writ *was issued* and a *return thereafter made.* It does not appear, however, that any hearing was ever had upon the return. Since the writ was issued in response to the petition, the sole function of which was to secure the writ, and the court having denied defendant's motion to quash

the writ pursuant to which a transcript of the record of the proceeding was transmitted to the court, a hearing should be had thereon.   As shown by the record before us, the matter is still pending in the superior court, no hearing having been had and no judgment having been rendered as directed by section 1075.

The appeal is dismissed.

Conrey, P. J., and James, J., concurred.